DAVIS & GILBERT LLP
Marc J. Rachman (MR 4094)
1740 Broadway
New York, NY 10019
(212) 468-4800

Of Counsel:

FOLEY HOAG LLP
Michael P. Boudett
Joshua S. Jarvis
155 Seaport Avenue
Boston, Massachusetts 02109
(617) 832-1000

Attorneys for Plaintiff
The Mayatech Corporation



**JUDGE CHIN**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE MAYATECH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LLOYD BURKETT and<br>MAYATECH CORPORATION d/b/a<br>HITECH EXPRESS and d/b/a<br>HITECH NUTRITION,<br><br>Defendants. | Civil Action No. 07 CIV 4823<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff THE MAYATECH CORPORATION, by its undersigned attorneys, by way of Complaint herein, alleges as follows:

### Nature of This Action

1.     By this action, Plaintiff seeks injunctive relief against, and damages for, Defendants' infringing, misleading and unfair use of the mark MAYATECH CORPORATION, which is

identical to Plaintiff's registered mark MAYATECH CORPORATION. Plaintiff's registered mark has been in continuous use long prior to Defendants' infringing use of MAYATECH CORPORATION.

### Jurisdiction and Venue

2. This action arises under Sections 32(a), 43(a) and 43(d) of the Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a) & (d) and under New York statutory and common law. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. This Court has jurisdiction of Plaintiff's state law claims pursuant to the doctrine of supplemental jurisdiction as codified in Title 28 U.S.C. § 1367. The matter in controversy exceeds the value of $75,000.00, excluding interest and costs. Venue is proper in this District under 28 U.S.C. § 1391.

### The Parties

3. Plaintiff THE MAYATECH CORPORATION is a Delaware corporation having its principal place of business at 1100 Wayne Avenue, Suite 900, Silver Spring, MD 20910.

4. On information and belief, Defendant LLOYD BURKETT is a resident of the state of New York, with an address at 245 East 35th Street, Apartment 4D, New York, NY 10016. On information and belief, Lloyd Burkett is the principal and Director of Defendant Mayatech Corporation.

5. On information and belief, Defendant MAYATECH CORPORATION is a New York corporation having its principal place of business at 245 East 35th Street, Apartment 4D, New York, NY 10016. On information and belief, Defendant Mayatech Corporation does business as both HITECH EXPRESS and HITECH NUTRITION.

**Plaintiff's Prior Use and Federal Registration
of the MAYATECH CORPORATION mark**

6.  Since at least as early as September 1, 1985 and continuing without interruption, Plaintiff has used the name and mark MAYATECH CORPORATION in connection with its research, analysis, educational, and consulting services.

7.  Plaintiff MayaTech Corporation is dedicated to designing, evaluating, and conducting large-scale programs related to public health. It provides administrative services, logistics support, and publication development to various health agencies and organizations, and promotes health and educational advancement worldwide. It serves federal, state, and local government agencies, nonprofit and community-based organizations, and private clients.

8.  Since at least as early as June 1, 1997 and continuing without interruption, Plaintiff has promoted and offered on its website www.mayatech.com its research, analysis, educational, and consulting services, and has used its MAYATECH CORPORATION mark in connection with these services.

9.  Plaintiff is the owner of incontestable U.S. Service Mark Registration No. 1,791,817 for the mark MAYATECH CORPORATION in International Class 42 for "providing research, analysis and consultation services to others in the following areas; development and implementation of policies and programs relating to education, environmental protection, transportation, urban planning, housing, agriculture, medical and health care services, substance abuse, defense and international development; designing, testing, and evaluating management information systems and software for others," in International Class 41 for "educational services; namely, training others in business administrative, clerical and supervisory functions and developing instructional materials therefor," and in International Class 35 for "providing

research, analysis, and consultation services to others in the following areas; business management, personnel placement and recruitment, demographics, and equal employment opportunities; planning and implementing business conferences, seminars, and meetings for others." A copy of this registration is attached hereto and made a part hereof.

10.     Plaintiff has invested considerable time, money and effort in advertising and promoting its service mark and in building up the goodwill associated therewith. By virtue of these efforts, Plaintiff has developed substantial recognition and good will in the service mark MAYATECH CORPORATION.

### Defendant's Infringing Use of the MAYATECH CORPORATION mark

11.     On information and belief, although Defendant Lloyd Burkett incorporated a New York corporation under the name Mayatech Corporation in 1984, he did not use such term as a mark, but instead operated under other marks, including the "d/b/a" marks listed in the caption above.

12.     On information and belief, Defendants began their infringing use of the MAYATECH CORPORATION mark in connection with the sale and advertising of its services long after Plaintiff made its first commercial use of its MAYATECH CORPORATION service mark, and after learning of Plaintiff's use of its mark.

13.     On information and belief, Defendants have used MAYATECH CORPORATION as an infringing mark and name on their websites www.mayatechcorp.com, www.mayatechcorp.net, and www.mayatechcorp.org in connection with services similar to and directly competitive with those of Plaintiff since in or about September 2006.

14. Defendants' MAYATECH CORPORATION infringing mark is identical, and thus confusingly similar, to Plaintiff's MAYATECH CORPORATION mark. This confusion is exacerbated because Defendants offer services similar to those of Plaintiff.

15. Defendants have used the MAYATECH CORPORATION infringing mark although they knew or should have known of Plaintiff's use of the MAYATECH CORPORATION service mark. Plaintiff's prior use of the MAYATECH CORPORATION service mark for services that competed directly with Defendants' services, along with the existence of U.S. Service Mark Registration No. 1,791,817 for the mark MAYATECH CORPORATION, demonstrates that Defendant had constructive notice of Plaintiff's MAYATECH CORPORATION service mark when Defendant started using the MAYATECH CORPORATION infringing mark.

16. On information and belief, Defendant has used the MAYATECH CORPORATION infringing mark and name in connection with services similar to Plaintiff's in the state of New York.

17. Defendant's acts complained of herein have caused and will continue to cause great and irreparable damage to the Plaintiff and to its good will, which damage is not calculable to a reasonable degree of accuracy, by reason of which the Plaintiff has no adequate remedy at law.

## COUNT I

### Federal Service Mark Infringement Under 15 U.S.C. § 1114

18. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

19. Defendants' use of the phrase MAYATECH CORPORATION in connection with its websites and consulting services is likely to cause confusion, or to cause mistake, or to deceive,

and is thus an infringement of Plaintiff's federally registered mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. Sec. 1114(1).

20. Unless permanently enjoined by this court, the acts of Defendants will cause irreparable injury and damage to Plaintiff and its valuable service mark rights, for which damage and injury there exists no adequate remedy at law. Plaintiff has also suffered pecuniary damages from Defendants' actions in an amount yet to be determined.

## COUNT II

### False Designation of Origin and Unfair Competition under 15 U.S.C. 1125(a)

21. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

22. Defendants' infringing use of Plaintiff's service mark as described above also constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.C.S. § 1125(a).

23. Upon information and belief, Defendants' continued infringing use of Plaintiff's service mark has been willful and intentional.

24. As a result of Defendants' willful infringement, Plaintiff has suffered irreparable harm. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation. Plaintiff has also suffered pecuniary damages from Defendants' actions in an amount yet to be determined.

## COUNT III

### Cybersquatting Under 15 U.S.C. § 1125(d)

25. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

26.     Defendant Lloyd Burkett's registration and Defendants' use of the domain names mayatechcorp.com, mayatechcorp.net, and mayatech.org, in connection with the corresponding websites and consulting services, are likely to cause confusion with Plaintiff's MAYATECH CORPORATION service mark.

27.     Plaintiff's MAYATECH CORPORATION registered service mark is incontestable, and, thus, inherently distinctive.

28.     Because Defendants had actual and/or constructive knowledge of Plaintiff's use of the MAYATECH CORPORATION service mark before the registration of the mayatechcorp.com, mayatechcorp.net, and mayatech.org domain names, Defendant Lloyd Burkett registered and Defendants are using the domain names with a bad faith intent to profit from Plaintiff's MAYATECH CORPORATION service mark.

29.     Unless permanently enjoined by this court, the acts of Defendants will cause irreparable injury and damage to Plaintiff and its valuable service mark rights, for which damage and injury there exists no adequate remedy at law. Plaintiff has also suffered pecuniary damages from Defendants' actions in an amount yet to be determined.

## COUNT IV

### Common Law Unfair Competition

30.     Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

31.     The aforesaid actions of Defendants have damaged and are damaging Plaintiff, in violation of the common law of trademark infringement and unfair competition.

## COUNT V

### Deceptive Acts and Practices Under N.Y. Gen. Bus. Law §349

32.     Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

33.     New York's Consumer Protection Act, N.Y. Gen. Bus. Law § 349(a) makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

34.     Defendants' aforesaid acts have deceived the consuming public as to the origination, association, authorization and/or sponsorship of Defendants' goods and services.

35.     Defendants' unlawful use of Plaintiff's MAYATECH CORPORATION service mark is consumer-oriented and, upon information and belief, made in the conduct of business, trade or commerce in New York.

36.     Defendants' actions constitute deceptive acts and practices in willful and knowing violation of New York General Business Law § 349.

37.     Defendants' conduct is causing and has caused harm to Plaintiff and to the public at large.

38.     As a result of Defendants' unlawful acts, Plaintiff has suffered irreparable harm. Unless permanently enjoined by this court, the acts of Defendants will cause irreparable injury and damage to Plaintiff and its valuable service mark rights, for which damage and injury there exists no adequate remedy at law. Plaintiff has also suffered pecuniary damages from Defendant's actions in an amount yet to be determined.

WHEREFORE, Plaintiff THE MAYATECH CORPORATION demands judgment against the Defendants LLOYD BURKETT and MAYATECH CORPORATION, and each of them, as follows:

a.  That Defendants, their agents, servants, employees, officers, directors, related companies, attorneys, and all others in active concert or participation with them, be preliminarily enjoined and restrained from directly or indirectly making any use of the designation MAYATECH CORPORATION or any other variant or colorable imitation of the MAYATECH CORPORATION service mark, and from further infringement of Plaintiff's MAYATECH CORPORATION service mark and from further acts of unfair competition against Plaintiff;

b.  That, after a trial on the merits, such preliminary injunctions be made permanent;

c.  That, after a trial on the merits, Defendants be adjudged to have infringed Plaintiff's rights in and to the MAYATECH CORPORATION service mark, and that Defendant be ordered to account for and pay to Plaintiff all profits earned by Defendants, that Defendants' profits be trebled pursuant to 15 U.S.C. § 1117(b), as a result of Defendant's willful and deliberate infringement of Plaintiff's service mark, and that Defendant be ordered to account for and pay to Plaintiff all damages sustained by Plaintiff, including Plaintiff's damages for loss of good will and business reputation, for dilution of the distinctive quality of Plaintiff's said trademark, for the cost of corrective advertising to dispel the actual confusion and likelihood of confusion caused by Defendants' aforesaid acts, and for Defendants' infringement and unfair competition, along with the interest thereon;

d.  That Defendants be ordered to deliver all materials bearing the designation MAYATECH CORPORATION or any variant in the hands of Defendants, its servants, affiliates or contracting parties to an officer of the Court, or to Plaintiff, to be destroyed;

e.  That Defendant Lloyd Burkett be ordered to transfer ownership of the domain names mayatechcorp.com, mayatechcorp.net, and mayatechcorp.org to Plaintiff.

f.  That Plaintiff be awarded its costs of this action and such other relief as to this Court shall seem meet and just.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 5, 2007

                THE MAYATECH CORPORATION
                By its attorneys:

                DAVIS & GILBERT LLP

                By: _____
                    Marc J. Rachman (MR 4094)
                    1740 Broadway
                    New York, NY 10019
                    (212) 468-4800

                Of Counsel:

                Michael P. Boudett
                Joshua S. Jarvis
                FOLEY HOAG LLP
                155 Seaport Avenue
                Boston, Massachusetts 02109
                (617) 832-1000

                Attorneys for Plaintiff
                The Mayatech Corporation