Dariush Keyhani (DK 9673)
Jennifer Meredith (JM 4816)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
THE MAYATECH CORPORATION,           )
                                    )
                    Plaintiff,      )   07 CIV 4823(DC)
                                    )
        v.                          )
                                    )
                                    )
                                    )
LLOYD BURKETT AND                   )   **ANSWER AND**
MAYATECH CORPORATION d/b/a          )   **COUNTERCLAIMS**
HITECH EXPRESS AND d/b/a            )
HITECH NUTRITION,                   )   **JURY TRIAL DEMANDED**
                                    )
                    Defendants.     )
-----------------------------------------------------------------x

      Defendants Lloyd Burkett and Mayatech Corporation and its divisions and affiliates Hitech Express and Hitech Nutrition (hereinafter collectively referred to as "Defendants"), by its undersigned attorneys, by way of this Answer, answer and allege as follows:

## BACKGROUND

      Defendants adopted the inherently distinctive name and mark "MAYATECH" and "MAYATECH CORPORATION" in 1982, incorporated in the State of New York under the name "MAYATECH CORPORATION" in May of 1984, and have now continuously for over twenty-three (23) years conducted business using the name and mark MAYATECH CORPORATION in conjunction with commercial activities including consulting services. Now after twenty-three (23) years, Plaintiff has

suddenly decided to file a lawsuit against Defendants alleging that Defendants' use of its name and mark MAYATECH CORPORATION infringes Plaintiff's trademark registration and common law rights in the word "MAYATECH CORPORATION." Plaintiff concedes that it only began using the name and mark MAYATECH CORPORATION as of September of 1985-over one year after Defendants incorporated under this same name and began its first use of the mark.

## ANSWER

1. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 1, except admit that Plaintiff in its Complaint alleges various causes of action and Defendants' use of the name and mark "MAYATECH" and "MAYATECH CORPORATION" in conjunction with commercial activities including consulting services predates Plaintiff's use of the name and mark "MAYATECH" and/or "MAYATECH CORPORATION" as its business/trade name and in connection with its commercial activities.

2. Paragraph 2 asserts conclusions of law to which no responsive pleading is required, and to the extent any responsive pleading is required, deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 2.

3. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 3.

4. Admit paragraph 4.

5. Admit the first sentence of paragraph 5, but deny statements made in the second sentence of paragraph 5.

6. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 6.

7. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 7.

8. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 8.

9. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 9.

10. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 10.

11. Deny statements made in paragraph 11, except to admit that in May of 1984 Defendant Lloyd Burkett incorporated a New York corporation under the name "MAYATECH CORPORATION" and Defendants' use of the name and mark "MAYATECH" and "MAYATECH CORPORATION" as its trade name and in conjunction with commercial activities predates Plaintiff's use.

12. Deny statements made in paragraph 12, except admit that Defendants' use of the name and mark "MAYATECH" and "MAYATECH CORPORATION" as its business/trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use.

13. Deny statements made in paragraph 13, except admit that Defendants' use of the name and mark "MAYATECH" and "MAYATECH CORPORATION" as its business/trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use of the name and mark "MAYATECH" and/or "MAYATECH CORPORATION" as its business/trade name and in connection with its commercial activities including Plaintiff's use of "mayatech.com" and other domain names incorporating the word "MAYATECH" in connection with the sale and advertising of its services and goods.

14. Deny statements made in paragraph 14, except admit that Defendants' use of the name and mark "MAYATECH" and "MAYATECH CORPORATION" as its business/trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use as a business/trade names and in connection with its commercial activities.

15. Deny statements made in paragraph 15, except admit that Defendants' use of the name and mark "MAYATECH" and "MAYATECH CORPORATION" as its business/trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use as a business/trade names and in connection with its commercial activities.

16. Deny statements made in paragraph 16, except admit that Defendants' use of the name and mark "MAYATECH" and "MAYATECH CORPORATION" as its

business/trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use as a business/trade names and in connection with its commercial activities.

17.	Deny statements made in paragraph 17.

18.	Responses provided in paragraphs 1-17.

19.	Deny statements made in paragraph 19.

20.	Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 20.

21.	Responses provided in paragraphs 1-20.

22.	Deny statements made in paragraph 22.

23.	Deny statements made in paragraph 23.

24.	Deny statements made in paragraph 24.

25.	Responses provided in paragraphs 1-24.

26.	Deny statements made in paragraph 26, except admit that Defendants' use of the name and mark "MAYATECH" and "MAYATECH CORPORATION" as its business/trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use as a business/trade names and in connection with its commercial activities.

27.	Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 27.

28.	Deny statements made in paragraph 28, except admit that Defendants' use of the name and mark "MAYATECH" and "MAYATECH CORPORATION" as its business/trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use as a business/trade names and in connection with its commercial activities.

29.	Deny statements made in paragraph 29.

30.	Responses provided in paragraphs 1-29.

31.	Deny statements made in paragraph 31.

32.	Responses provided in paragraphs 1-31.

33.	Paragraph 33 asserts conclusions of law to which no responsive pleading is required, and to the extent any responsive pleading is required, deny knowledge or

4

information sufficient to form a belief as to the truth of the statements contained in paragraph 33.

34.     Deny statements made in paragraph 34, except admit that Defendants' use of the name and mark "MAYATECH" and "MAYATECH CORPORATION" as its business/trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use of the name and mark "MAYATECH" and/or "MAYATECH CORPORATION" as its business/trade name and in connection with its commercial activities and Plaintiff's use is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiff as to the origin, sponsorship or approval of the goods and services provided by Plaintiff.

35.     Deny statements made in paragraph 35, except admit that Defendants adopted the inherently distinctive name and mark "MAYATECH" and "MAYATECH CORPORATION" in 1982, incorporated in the State of New York under the name "MAYATECH CORPORATION" in May of 1984, and have continuously conducted business in the State of New York and elsewhere using the name and mark MAYATECH CORPORATION as its business/trade name since May of 1984 and in conjunction with commercial activities including consulting services.

36.     Paragraph 36 asserts conclusions of law to which no responsive pleading is required, and to the extent any responsive pleading is required deny statements made in paragraph 36.

37.     Deny statements made in paragraph 37.

38.     Deny statements made in paragraph 38.

## DEFENSES

Defendants assert the following defenses without assuming the proof on any issue that would otherwise rest on the Plaintiff. Defendants reserve their right to assert other defenses when if appropriate.

### First Defense

1.     The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, estoppel and/or waiver and prior use.

### Third Defense

3. The conduct of Defendants does not warrant the equitable relief sought by Plaintiff.

### Fourth Defense

4. Plaintiff has suffered no injury of which Defendants' conduct is the proximate cause.

### Fifth Defense

5. Plaintiff's alleged damages are speculative, and thus are not recoverable.

### COUNT I – COMMON LAW TRADEMARK/SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION

1. Defendants repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

2. Defendants adopted the inherently distinctive name and mark "MAYATECH" and "MAYATECH CORPORATION" in 1982, incorporated in the State of New York under the name "MAYATECH CORPORATION" in May of 1984, and now continuously for over twenty-three (23) years conducted business using the name and mark MAYATECH CORPORATION as its business/trade name in conjunction with commercial activities including consulting services.

3. Defendants' use of the name and mark MAYATECH and MAYATECH CORPORATION as its business/trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use as its business/trade names and in connection with its commercial activities.

4. Plaintiff's use of the name and mark MAYATECH and/or MAYATECH CORPORATION as its business/trade name and in conjunction with commercial activities has caused and will continue to cause consumer confusion as to the origination, association, authorization and/or sponsorship of Plaintiff's services and goods.

6

5.      Plaintiff's use of the name and mark MAYATECH and/or MAYATECH CORPORATION as its business/trade name and in conjunction with commercial activities including consulting services constitutes infringement of Defendants' trademark, service mark, and trade name rights and unfair competition under the common law of the State of New York.

6.      Plaintiff's aforesaid activities have caused and continue to cause harm to Defendants.

7.      Defendants have suffered irreparable harm and pecuniary damages as a result of Plaintiff's aforesaid activities.

8.

**COUNT II- INFRINGEMENT UNDER NEW YORK GENERAL BUSINESS LAW**

1.      Defendants repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

2.      Plaintiff's use of the name and mark MAYATECH and/or MAYATECH CORPORATION as its business/trade name and in conjunction with commercial activities including consulting services is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiff as to the origin, sponsorship or approval of the goods and services provided by Plaintiff.

3.      Defendants' use of the name and mark MAYATECH and MAYATECH CORPORATION as its business/trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use as its business/trade names and in connection with its commercial activities.

4.      Plaintiff's aforesaid activities constitute infringement in violation of Section § 360-k of Article 24 of the New York General Business Law.

5.     Plaintiff's aforesaid activities constitute infringement in violation of the New York General Business Law § 368-d.

6.      Defendants' use of the name and mark MAYATECH and MAYATECH CORPORATION as its business/trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use as its business/trade name and in connection with its commercial activities.

7. Plaintiff's aforesaid activities have caused and continue to cause harm to Defendants.

8. Defendants have suffered irreparable harm and pecuniary damages as a result of Plaintiff's aforesaid activities.

## COUNT III – COMMON LAW MISAPPROPRIATION/INFRINGEMENT OF DEFENDANTS' TRADE NAME

1. Defendants repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

2. Plaintiff's use of the name "MAYATECH CORPORATION" as its business/trade name and in conjunction with commercial activities constitutes misappropriation and infringement of Defendants' rights in its business/trade name under the common law of the State of New York.

3. Plaintiff's aforesaid activities have caused and continue to cause harm to Defendants.

4. Defendants have suffered irreparable harm and pecuniary damages as a result of Plaintiff's aforesaid activities.

**WHEREFORE**, Defendants pray that:

Plaintiff, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Plaintiff, be enjoined and restrained, during the pendency of this action as preliminary injunction and permanently thereafter from:

1. Using in any way or manner Defendants'/Counterclaimants' name and mark "MAYATECH" and/or the "MAYATECH CORPORATION" or any colorable imitation of Defendants' marks as a business/trade name and/or in connection with commercial activities and the sale and advertising of services and goods;

2. Doing any other act or thing likely to, or calculated to, induce the belief that Plaintiff is in any way affiliated, connected or associated with Defendants;

3. Unfairly competing with Defendants in any manner;

4.      Within ten (30) days after the entry of an order for either preliminary or permanent injunction, Plaintiff cease and desist from any use of Defendants' trade name and marks;

5.      Defendants and Counterclaimants recover the profits, as well as the damages sustained by Defendants and Counterclaimants due to Plaintiff's infringement of Defendants' rights in the name and mark MAYATECH and MAYATECH CORPORATION, such amount of profits and damages to be trebled;

6.      Awarding Defendants and Counterclaimants such damages, including compensatory and punitive damages, as are appropriate in view of the conduct, including the willful conduct, on the part of the Plaintiff;

7.      Plaintiff be required to pay Defendants and Counterclaimants the costs of defending this action and pursuing its Counterclaims, together with reasonable attorneys' fees and disbursements;

8.      And Defendants and Counterclaimants to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury of all issues properly triable by jury in this action.

Date: August 1, 2007

Respectfully submitted,

MEREDITH & KEYHANI, PLLC

/s/Dariush Keyhani
Dariush Keyhani (DK 9673)
Jennifer Meredith (JM 4816)
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Direct Dial (646) 536-5692
Facsimile (212) 202-3819
dkeyhani@meredithkeyhani.com
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this August 1, 2007 the within Answer with Affirmative Defenses and Counterclaims was filed electronically via ECF with the Court and the attorneys of record are as listed below:

Marc J. Rachman, Esq.
DAVIS & GILBERT LLP
1740 Broadway
New York, NY  10019

/s/ Dariush Keyhani
Dariush Keyhani