DAVIS & GILBERT LLP
Marc J. Rachman (MR 4094)
1740 Broadway
New York, NY 10019
(212) 468-4800

Of Counsel:

FOLEY HOAG LLP
Michael P. Boudett
Joshua S. Jarvis
155 Seaport Avenue
Boston, Massachusetts 02109
(617) 832-1000

Attorneys for Plaintiff
The MayaTech Corporation

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE MAYATECH CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>LLOYD BURKETT and<br>MAYATECH CORPORATION d/b/a<br>HITECH EXPRESS and d/b/a<br>HITECH NUTRITION,<br><br>    Defendants. | Civil Action No. 07 CIV 4823(DC) |

## PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM

Plaintiff and Counterclaim-defendant THE MAYATECH CORPORATION, by its undersigned attorneys, denies any and all liability to Defendants and Counterclaim-plaintiffs LLOYD BURKETT and MAYATECH CORPORATION d/b/a HITECH EXPRESS and d/b/a

HITECH NUTRITION, and responds to each allegation contained in the Counterclaim as follows:

## COUNT I

1. Paragraph 1 of Count I does not require an answer. To the extent an answer is required, the allegations set forth in Paragraph 1 of Count I are denied.

2. Plaintiff denies the allegations set forth in Paragraph 2 of Count I.

3. Plaintiff denies the allegations set forth in Paragraph 3 of Count I.

4. Plaintiff denies the allegations set forth in Paragraph 4 of Count I.

5. Plaintiff denies the allegations set forth in Paragraph 5 of Count I.

6. Plaintiff denies the allegations set forth in Paragraph 6 of Count I.

7. Plaintiff denies the allegations set forth in Paragraph 7 of Count I.

## COUNT II

1. Paragraph 1 of Count II does not require an answer. To the extent an answer is required, the allegations set forth in Paragraph 1 of Count II are denied.

2. Plaintiff denies the allegations set forth in Paragraph 2 of Count II.

3. Plaintiff denies the allegations set forth in Paragraph 3 of Count II.

4. Plaintiff denies the allegations set forth in Paragraph 4 of Count II.

5. Plaintiff denies the allegations set forth in Paragraph 5 of Count II.

6. Plaintiff denies the allegations set forth in Paragraph 6 of Count II.

7. Plaintiff denies the allegations set forth in Paragraph 7 of Count II.

8. Plaintiff denies the allegations set forth in Paragraph 8 of Count II.

## COUNT III

1.  Paragraph 1 of Count III does not require an answer. To the extent an answer is required, the allegations set forth in Paragraph 1 of Count III are denied.

2.  Plaintiff denies the allegations set forth in Paragraph 2 of Count III.

3.  Plaintiff denies the allegations set forth in Paragraph 3 of Count III.

4.  Plaintiff denies the allegations set forth in Paragraph 4 of Count III.

## GENERAL DENIAL

Plaintiff generally denies each and every remaining allegation contained in the Counterclaim which has not been previously admitted, denied, or answered. Plaintiff specifically denies that Defendant is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each of Counts I-III of this Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The equitable doctrine of laches bars the claims alleged by Defendants against Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The equitable doctrine of waiver bars the claims alleged by Defendants against Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The equitable doctrine of estoppel bars the claims alleged by Defendants against Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

The equitable doctrine of unclean hands bars the claims alleged by Defendants against Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

The conduct of Plaintiff does not warrant the equitable relief sought by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, because should it be found that Plaintiff has infringed on any valid and enforceable trademark right of Defendants, which Plaintiff denies, such infringement would not be willful.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, because any claim for disgorgement of Plaintiff's alleged profits relating to its registered mark MAYATECH CORPORATION is barred, and Plaintiff's adoption and use of its registered mark MAYATECH CORPORATION was not willfully deceptive; rather Plaintiff's adoption and use was made in good faith.

## NINTH AFFIRMATIVE DEFENSE

Defendants are not entitled to attorney's fees pursuant to 15 U.S.C. § 1117 and any other applicable laws because Plaintiff's adoption and use of its registered mark MAYATECH CORPORATION was made in good faith.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff reserves the right to amend this Answer to Defendants' Counterclaim to raise and rely upon any defenses that become available or apparent during discovery.

WHEREFORE, Plaintiff prays that the Counterclaim be dismissed with prejudice with respect to all counts, that judgment in favor of Plaintiff against Defendant be entered, and that Plaintiff recover its costs and reasonable attorneys' fees incurred herein.

Dated:  September 4, 2007

THE MAYATECH CORPORATION
By its attorneys:

DAVIS & GILBERT LLP

By: _____
   Marc J. Rachman (MR 4094)
   1740 Broadway
   New York, NY 10019
   (212) 468-4800


Of Counsel:

Michael P. Boudett
Joshua S. Jarvis
FOLEY HOAG LLP
155 Seaport Avenue
Boston, Massachusetts 02109
(617) 832-1000

Attorneys for Plaintiff
The MayaTech Corporation