# MEMO ENDORSED



**MEREDITH & KEYHANI, PLLC**

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 4/16/2008]

www.meredithkeyhani.com

April 8, 2008

*The Court has reviewed this letter as well as plaintiff's counsel's letter dated 4/10/08. Defendants' request to file the proposed Amended Answer and Counterclaims is DENIED.*

*SO ORDERED.*

*[signature]*
*4/15/08*

**By FACSIMILE (212-805-7906)**

Hon. Denny Chin
U.S. District Court for the
Southern District of NY
500 Pearl Street
New York, NY 10007

Re: *The Mayatech Corporation v. Lloyd Burkett, et al.* 07 Civ. 4823(DC)

Dear Judge Chin:

    We represent the Defendants in the above referenced matter. Per the Court's direction at the April 4, 2008 conference, Defendants forwarded Plaintiffs a copy of Defendants' proposed Amended Answer and Counterclaims yesterday. Plaintiffs have indicated that they will not consent to Defendants filing of their proposed amended pleading because they believe Defendants have "added claims." In Defendants' proposed Amended Answer and Counterclaims, in additional to some minor editing and clarification of admissions and denials, Defendants removed one of its causes of action (Count II) and revised Count I and Count III, removing the claims of trademark infringement/service mark infringement under Count I and adding a request for relief under the Lanham Act to Counts I and III (see attached Exhibit A pages 6-7, "Counterclaims" of Defendants' proposed amended pleadings).

    Rule 15(a) allows for leave to amend pleadings under a liberal standard and when the interests of justice require. *See Foman v. Davis*, 371 U.S. 178, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962) (Leave to amend pleadings under Rule 15(a) should be freely given in the absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, or futility of amendment). *See also, Advanced Magnetics Inc. v. Bayfront Partners Inc.*, 106 F. 3d 11, 18 (2d Cir. 1997). Underlying the liberal policy of Rule 15(a) is the contemplation of the realities of litigation and discovery and flexibility to forward the interest of justice and judicial efficiency by allowing parties to clarify facts, claims, and theories as new information is obtained in the course of litigation. *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962). While courts have broad discretion to decide motions for leave to amend the pleadings, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court has observed that courts are to heed the Rule 15(a) mandate that amendments are to

NEW YORK OFFICE
330 MADISON AVENUE
6TH FLOOR
NEW YORK, NEW YORK 10017
212.760.0098 TELEPHONE
212.202.3819 FACSIMILE

PRINCETON OFFICE
5 INDEPENDENCE WAY
SUITE 300
PRINCETON, NJ 08540
609.945.7406 TELEPHONE
609.228.4031 FACSIMILE

be granted "freely" in the interests of justice. *Foman*, 371 U.S. at 182. *Fingermates Inc. v. Nailtiques Cosmetic Corp.*, 42 U.S.P.Q.2d (BNA) 1248 (D.N.J. 1996).

  Plaintiff here cannot reasonably argue that it will be prejudiced in any manner at this time by Defendants' limited proposed substantive amendments to its pleadings as Defendants' proposed Amended Answer and Counterclaims involve substantially identical issues and claims and only an additional theory of relief under federal law.[1] Per the current Court ordered discovery schedule, there is almost thirty (30) days of discovery remaining and no special additional discovery will be necessary as the proposed amended form of the counterclaims have substantially identical factual underpinnings as the original pleadings; and in the event Plaintiff can creatively argue the need for such, Defendants hereby consent to any additional discovery that the Plaintiffs may wish to conduct.

  There has been no undue delay on the part of the Defendants and Defendants have not acted in bad faith or with any dilatory motive in making this application to amend their pleadings; as part of the regular course of litigation, after a period of discovery, more information is gathered making it necessary for parties to clarify facts and/or claims/legal theories as is the case here and as contemplated by a long line of Supreme Court and Second Circuit precedent on Rule 15(a).

  Accordingly, Defendants, in the interest of justice, respectfully request leave from the Court to amend their pleadings to file their Amended Answer and Counterclaims as described above or alternatively, if the Court shall require, Defendants respectfully request leave from the Court to file a motion to amend their pleadings pursuant to Rule 15(a).

Respectfully submitted,

*Dariush Keyhani*

Dariush Keyhani[2]

cc: Michael P. Boudett, Esq. (617) 832-7000
  Marc J. Rachman, Esq. (212) 468-4888

---

[1] In Defendants' current Answer and Counterclaims the allegations of unfair competition and trade name infringement are being made under New York law whereas in the proposed amended form the same claims are being made under both New York law and under the Lanham Act.

[2] Admitted to the Southern, Eastern and Western Districts of New York, New Jersey District Court & NJ State Bar–not a member of the NY State Bar