Dariush Keyhani (DK 9673)
Jennifer Meredith (JM 4816)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
THE MAYATECH CORPORATION,              )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        07 CIV 4823(DC)
                                       )
                                       )
                                       )
                                       )
LLOYD BURKETT AND                      )        **AMENDED ANSWER AND**
MAYATECH CORPORATION d/b/a             )        **COUNTERCLAIMS**
HITECH EXPRESS AND d/b/a               )        **JURY TRIAL DEMANDED**
HITECH NUTRITION,                      )
                                       )
            Defendants.                )
-------------------------------------------------------------x

      Defendants Lloyd Burkett and Mayatech Corporation and its divisions and affiliates Hitech Express and Hitech Nutrition (hereinafter collectively referred to as "Defendants"), by its undersigned attorneys, by way of this Amended Answer, answer and allege as follows:

**Background**

1.      Defendants adopted the inherently distinctive mark and name "MAYATECH" and "MAYATECH CORPORATION" in 1982, incorporated in the State of New York under the name "MAYATECH CORPORATION" in May of 1984, and since then have continuously used the name MAYATECH CORPORATION in commerce in the United States and internationally.  Now after twenty-three (23) years, Plaintiff has decided to file a lawsuit against Defendants claiming that Defendants' use of

their name are violating Plaintiff's rights.  Plaintiff concedes that it only began using the name and mark "MAYATECH" and "MAYATECH CORPORATION" as of September of 1985-over one year after Defendants incorporated under this name and began their first use of the name in conjunction with their commercial activities.

## ANSWER

1.	Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 1 and therefore deny the same, except admit that Plaintiff in its Complaint alleges various causes of action and Defendants' use of the name "MAYATECH CORPORATION" as a trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use of the same.

2.	Paragraph 2 asserts conclusions of law to which no responsive pleading is required, and to the extent any responsive pleading is required, deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 2 except to admit that this Court has subject matter jurisdiction over the claims and counterclaims arising under the Lanham Act and New York statutory and common law pursuant to the doctrine of supplemental jurisdiction and that venue is proper in this District under 28 U.S.C. § 1391.

3.	Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 3 and therefore deny the same.

4.	Admit paragraph 4.

5.	Admit the first sentence of paragraph 5, but deny statements made in the second sentence of paragraph 5.

6.	Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 6 and therefore deny the same.

7.	Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 7 and therefore deny the same.

8.	Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 8 and therefore deny the same.

9.	Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 9 and therefore deny the same.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 10 and therefore deny the same.

11.     Deny statements made in paragraph 11, except to admit that in May of 1984 Defendant Lloyd Burkett incorporated a New York corporation under the name "MAYATECH CORPORATION" and Defendants' use of the name predates Plaintiff's use of the same.

12.     Deny statements made in paragraph 12, except admit that Defendants' use of the name "MAYATECH CORPORATION" as a trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use of the same.

13.     Deny statements made in paragraph 13, except admit that Defendants' use of the name "MAYATECH CORPORATION" as a trade name in conjunction with commercial activities including consulting services predates Plaintiff's use of the same.

14.     Deny statements made in paragraph 14, except admit that Defendants' use of the name "MAYATECH CORPORATION" as a trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use of the same.

15.     Deny statements made in paragraph 15, except admit that Defendants' use of the name "MAYATECH CORPORATION" as a trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use of the same.

16.     Deny statements made in paragraph 16, except admit that Defendants' use of the name "MAYATECH CORPORATION" as a trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use of the same.

17.     Deny statements made in paragraph 17.

18.     Responses provided in paragraphs 1-17.

19.     Deny statements made in paragraph 19.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 20 and therefore deny the same.

21.     Responses provided in paragraphs 1-20.

22.     Deny statements made in paragraph 22.

23.     Deny statements made in paragraph 23.

24.     Deny statements made in paragraph 24.

25.     Responses provided in paragraphs 1-24.

26.     Deny statements made in paragraph 26, except admit that Defendants' use of the name "MAYATECH CORPORATION" as a trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use of the same.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 27 and therefore deny the same.

28.     Deny statements made in paragraph 28, except admit that Defendants' use of the name "MAYATECH CORPORATION" as a trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use of the same.

29.     Deny statements made in paragraph 29.

30.     Responses provided in paragraphs 1-29.

31.     Deny statements made in paragraph 31.

32.     Responses provided in paragraphs 1-31.

33.     Paragraph 33 asserts conclusions of law to which no responsive pleading is required, and to the extent any responsive pleading is required, deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 33 and therefore deny the same.

34.     Deny statements made in paragraph 34, except admit that Defendants' use of the name "MAYATECH CORPORATION" as a trade name and in conjunction with commercial activities including consulting services predates Plaintiff's use of the same.

35.     Deny statements made in paragraph 35, except admit that Defendants adopted the inherently distinctive mark and name "MAYATECH" and "MAYATECH CORPORATION" in 1982, incorporated in the State of New York under the name "MAYATECH CORPORATION" in May of 1984, and have continuously conducted business in the State of New York and elsewhere using the name MAYATECH CORPORATION as a trade name since May of 1984 and in conjunction with commercial activities including consulting services.

36.     Paragraph 36 asserts conclusions of law to which no responsive pleading is required, and to the extent any responsive pleading is required deny statements made in paragraph 36.

37.     Deny statements made in paragraph 37.

38.     Deny statements made in paragraph 38.

## GENERAL DENIAL

Defendants generally deny each and every remaining allegation contained in Plaintiff's Complaint which have not been previously admitted, denied, or answered. Defendants specifically deny that Plaintiff is entitled to the requested relief.

## DEFENSES

Defendants assert the following defenses without assuming the proof on any issue that would otherwise rest on Plaintiffs. Defendants reserve their right to assert other defenses when if appropriate.

### First Defense

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, estoppel and/or waiver and prior use.

### Third Defense

3. The conduct of Defendants does not warrant the equitable relief sought by Plaintiff.

### Fourth Defense

4. Plaintiff has suffered no injury of which Defendants' conduct is the proximate cause.

### Fifth Defense

5. Plaintiff's alleged damages are speculative, and thus are not recoverable.

## COUNTERCLAIMS

As and for their counterclaims Defendants (hereinafter also known as "Counterclaimants") allege as follows:

### Jurisdiction and Venue

This Court has subject matter jurisdiction over Defendants' counterclaims arising under the Lanham Act and New York statutory and common law pursuant to the doctrine of supplemental jurisdiction. Venue is proper in this District under 28 U.S.C. § 1391.

## COUNT I – UNFAIR COMPETITION

1. Defendants and Counterclaimants repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

2. Counterclaimants incorporated under their trade name "MAYATECH CORPORATION" in 1984 and have since used the name in commerce in the State of New York, all over the United States, and internationally.

3. Counterclaimants' use of the name and trade name "MAYATECH" and "MAYATECH CORPORATION" predates Plaintiff's use of the same.

4. Counterclaimants have invested thousand of dollars in promotion and advertising of their trade name "MAYATECH CORPORATION" and in developing goodwill associated with the name.

5. Plaintiff's use of the name "MAYATECH", "MAYATECH CORPORATION" and/or "The MayaTech Corporation" as its business name and in conjunction with commercial activities constitutes unfair competition under the common law of the State of New York.

6. Plaintiff's aforesaid activities have caused and continue to cause harm to Defendants.

7. Counterclaimants have suffered irreparable harm and pecuniary damages as a result of Plaintiff's aforesaid activities.

## COUNT II - INFRINGEMENT OF DEFENDANTS' TRADE NAME

8. Defendants and Counterclaimants repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

9. Plaintiff's use of the name "MAYATECH," "MAYATECH CORPORATION" and/or "The MayaTech Corporation" as their business name and in conjunction with commercial activities constitutes infringement of Counterclaimants' rights in their trade name under the common law of the State of New York.

10. Plaintiff's aforesaid activities have caused and continue to cause harm to Defendants.

11. Counterclaimants have suffered irreparable harm and pecuniary damages as a result of Plaintiff's aforesaid activities.

## RESERVATION OF RIGHTS

Defendants and Counterclaimants hereby reserve the right to assert additional affirmative defenses and/or counterclaims if such defenses or claims are discovered during the course of this litigation.

**WHEREFORE**, Defendants and Counterclaimants pray that:

Plaintiff, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Plaintiff, be enjoined and restrained, during the pendency of this action as preliminary injunction and permanently thereafter from:

1. Using in any way or manner Defendants' and Counterclaimants name and mark "MAYATECH" and/or the "MAYATECH CORPORATION" or any colorable imitation of the marks as a business or trade name;

2. Doing any other act or thing likely to, or calculated to, induce the belief that Plaintiff is in any way affiliated, connected or associated with Defendants;

3. Dismiss Plaintiff's Complaint and Amended Complaint with prejudice;

4. Within ten (30) days after the entry of an order for either preliminary or permanent injunction, Plaintiff cease and desist from any use of Defendants' trade name;

5. Defendants and Counterclaimants recover the profits, as well as the damages sustained by Defendants and Counterclaimants due to Plaintiff's infringement of Defendants' rights in their trade name MAYATECH CORPORATION, such amount of profits and damages to be trebled;

6. Awarding Defendants and Counterclaimants such damages, including compensatory and punitive damages, as are appropriate in view of the conduct, including the willful conduct, on the part of the Plaintiff;

7. Plaintiff be required to pay Defendants and Counterclaimants the costs of defending this action and pursuing its Counterclaims, together with reasonable attorneys' fees and disbursements;

8. And Defendants and Counterclaimants to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury of all issues properly triable by jury in this action.

May 12, 2008

                                                            Respectfully submitted,

                                                            MEREDITH & KEYHANI, PLLC

                                                            <u>s/Dariush Keyhani</u>
                                                            Dariush Keyhani (DK 9673)
                                                            Jennifer Meredith (JM 4816)
                                                            330 Madison Avenue
                                                            6th Floor
                                                            New York, New York 10017
                                                            Telephone (212) 760-0098
                                                            Direct Dial (646) 536-5692
                                                            Facsimile (212) 202-3819
                                                            dkeyhani@meredithkeyhani.com
                                                            *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this May 12, 2008 the within Amended Answer with Affirmative Defenses and Counterclaims was filed electronically via ECF with the Court and the attorneys of record are as listed below:


Marc J. Rachman, Esq.
DAVIS & GILBERT LLP
1740 Broadway
New York, NY  10019
Mrachman@dglaw.com

Michael P. Boudett, Esq.
155 Seaport Avenue
Boston, Massachusetts 02109
mboudett@foleyhoag.com

s/Dariush Keyhani
Dariush Keyhani