# MEMO ENDORSED

**MEREDITH & KEYHANI, PLLC**

www.meredithkeyhani.com

April 16, 2008

**By FACSIMILE (212)-805-7906**

Hon. Denny Chin
U.S. District Court for the
Southern District of NY
500 Pearl Street
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2008

Re: *The Mayatech Corporation v. Lloyd Burkett, et al. 07 Civ. 4823(DC)*

Dear Judge Chin:

We represent the Defendants in the above referenced matter. Defendants are in receipt of the Court's Order today denying Defendants' request to amend their pleadings. In reconsidering its own April 8, 2008 letter, Defendants recognize that it did not fully brief the Court on what specific new facts in discovery prompted Defendants' request for leave to amend that would also demonstrate no undue delay on the part of Defendants.

Contrary to Plaintiff's allegation in their April 10, 2008 letter to Court, Defendants' claim of new information derived from discovery is not disingenuous. When Defendants originally filed their Answer and Counterclaim on August 1, 2007, based on numerous communications with Plaintiff's counsel and allegations in its Complaint and other information available, Defendants believed that the Plaintiff was doing business using the name/term "Mayatech" at issue in this case in the State of New York. However, on April 2, 2008 the president of Plaintiff "The Mayatech Corporation," testified at his deposition that his company had never done any business in the State of New York, had never invested any revenues or directed any advertisements or marketing at potential clients/customers in the State of New York, <u>nor ever derived</u> any revenues from business in the State of New York. These new facts, in large part, form the bases for Defendants' request to amend their pleadings. If true, the fact that Plaintiff has not done any business or invested any revenues in marketing or advertisements in or directed at the State of New York clearly impacts the pleadings and legal theories, in this case, e.g., whether to pursue infringement under state law or federal law. Further, from a judicial efficiency perspective, if Defendants are unable to bring their claim for trade name infringement under federal law in this case, then a separate case would need to be brought to address this theory of infringement where substantially the same discovery and the identical witnesses would be called upon to adjudicate substantially the same issues- this would be a great a waste of the parties and the judiciary's time and resources.

NEW YORK OFFICE
330 MADISON AVENUE
6TH FLOOR
NEW YORK, NEW YORK 10017
212.760.0098 TELEPHONE
212.202.3819 FACSIMILE

PRINCETON OFFICE
5 INDEPENDENCE WAY
SUITE 300
PRINCETON, NJ 08540
609.945.7406 TELEPHONE
609.228.4031 FACSIMILE

In light of the specific information respectfully brought to the Court's attention that was only very recently obtained in discovery (within a week from when Defendants made their request to amend to the Court), Defendants respectfully request that the Court reconsider its denial of Defendants' request to amend their pleadings as proposed in their April 8, 2008 letter to the Court and grant leave to amend accordingly.

In the event the Court decides not to grant leave to Defendants to amend their pleadings as proposed (to add the theory of infringement under federal law), Defendants respectfully request that the Court grant Defendants leave to make <u>only</u> the other proposed amendments (as provided in Defendants' April 8, 2008 letter), including withdrawing some of their claims and the other minor edits and clarifications in light of the new information obtained in discovery and that the Plaintiff has indicated no objection to-this would be very helpful in narrowing and clarifying the issues for the parties and the Court for the purposes of dispositive motions and/or trial.

Respectfully submitted,

*Dariush Keyhani*

Dariush Keyhani[1]

cc: Michael P. Boudett, Esq. (617) 832-7000
Marc J. Rachman, Esq. (212) 468-4888

> *[Handwritten order:]* This application is granted in part and denied in part. Leave to add a new theory of infringement is DENIED, in view of the passage of time and the completion or near completion of discovery. Leave to amend is granted to the extent defendants may withdraw certain claims and make other minor edits and clarifications. So ORDERED.
>
> *[Signature]* DC
> 5/9/08

---

[1] Admitted to the Southern, Eastern and Western Districts of New York, New Jersey District Court & NJ State Bar not a member of the NY State Bar